Submitted on record and briefs May 20, affirmed June 11, 1974

HART, *Petitioner, v.* JURAS ET AL, *Respondents.*

522 P2d 1399

Michael J. Hart, Grants Pass, pro se, petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

This is a petition for review of an order of the Public Welfare Division of the Department of Human Resources terminating aid to petitioner under the aid to dependent children with an unemployed father program (ADC-UN) on the ground that petitioner is no longer unemployed.

Petitioner began receiving aid in July 1970 because of his unemployment. About July or August 1973 petitioner's wife started her own business—a telephone answering service—and petitioner started his own business—an advertising specialty service. Both businesses were operated in a building purchased by petitioner. As is common with new business ventures, petitioner and his wife put in long hours but received only minimal net income.

In his August 1973 monthly report to the Public Welfare Division, petitioner reported he had spent in excess of 100 hours on these business ventures during the month. Petitioner spent much of this time—apparently more than half—renovating the building from which the businesses were operated. After receiving this information, the Division terminated ADC-UN aid under Section 2145.37 #5 of the Staff Manual of the Division, which provides that employment for over 100 hours per month renders a recipient ineligible for aid on the basis of unemployment.

The decision of the Division to terminate aid was upheld by a hearing officer who found that petitioner was fully self-employed in his business. The

hearing officer indicated that petitioner might still be eligible for general assistance based on his low income.

■ Petitioner's basic argument is that the many hours he devoted to his fledgling business did not produce more than minimal profit. In frustration petitioner protests that if he is denied ADC-UN aid now while his new business is not profitable, his efforts to make the business profitable and remove himself from the welfare rolls will be destroyed. We sympathize with his frustration. However, under the ADC-UN eligibility standards established by both federal law, 42 USC § 607 and 45 CFR 233.100, and state law, Section 2145.37 #5, supra, amount of income is not determinative. *See, Macias v. Finch,* 324 F Supp 1252 (ND Cal 1970). The only ADC-UN eligibility standard relevant for present purposes is: If a person is employed for less than 100 hours per month he is eligible, but if he is employed for more than 100 hours per month he is ineligible.

■ Petitioner also argues that the many hours he spent rehabilitating the building from which his and his wife's businesses were operated should not be considered as "employment" for purposes of applying the above eligibility standard. Federal law does not define what constitutes employment or unemployment. *See, Francis v. Davidson,* 340 F Supp 351 (D Md), *affirmed* 409 US 904, 93 S Ct 223, 34 L Ed 2d 168 (1972). Our attention has not been called to any applicable state law definition of these terms. Certainly, however, under any definition, activities directly relating to the operation of one's own business, such as renovation of business premises, must be considered as employment.

We reluctantly conclude that petitioner's self-em-

ployment for more than the prescribed number of hours renders him ineligible for continued ADC-UN aid.

Affirmed.

LANGTRY, J., specially concurring.

I agree that the rule (§ 2145.37 #5 of the Staff Manual of the Division) dictates the conclusion in this case. However, the inflexibility of the rule would seem to preclude ADC recipients like the petitioner from escaping dependence on the public for support via the route of establishing an independent business. I think the rule should be reexamined by the Division, or, if necessary, by those who make the controlling federal rules.